GEORGE H. BELSHAW and ETHA S. BELSHAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Belshaw v. Commissioner
Docket No. 9706-80.
United States Tax Court
T.C. Memo 1983-157; 1983 Tax Ct. Memo LEXIS 626; 45 T.C.M. (CCH) 1062; T.C.M. (RIA) 83157; March 23, 1983. William A. Cohan and Gloria T. Svanas, for the petitioners. Deborah A. Butler, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $17,436.90 and an addition to tax under section 6653(a) [1] of $871.85 in petitioners' 1977 Federal income tax. After concessions, the issues are (1) whether income reported by a "family trust" is taxable to petitioners, (2) whether *628 expenses of establishing a "family trust" are deductible under section 212, (3) whether petitioners had certain unreported wage income in 1977, and (4) whether any part of the underpayment with respect to 1977 is due to negligence. Petitioners, George H. Belshaw and Etha S. Belshaw, were residents of Bozeman, Mont., when the petition was filed herein. During 1977 petitioner George H. Belshaw (petitioner) was a licensed physician in the State of Indiana. On March 17, 1977, petitioner established a trust entitled "George H. Belshaw Family Trust" utilizing materials he purchased from Educational Scientific Publishers (herein ESP) for $7,000. Petitioner transferred his medical building and personal residence (herein the property) to the trust. On April 1, 1977, petitioner entered into an agreement to practice medicine on behalf of the trust. Prior to that date, petitioner practiced medicine on behalf of his professional corporation, George H. Belshaw, M.D., Inc. (herein the medical corporation). Petitioners are their *629 son, John E. Belshaw, were trustees of the trust in 1977. John resigned as trustee on April 15, 1977. Petitioners remained trustees through 1977. The trust instrument provides that upon termination, trust assets are to be distributed to the beneficiaries. Pursuant to the first meeting of the board of trustees in 1977, all 100 units of beneficial interest in the trust were issued to petitioner. Such units were cancelled and then reissued in equal shares to petitioners at the second meeting of the board of trustees in 1977. Thereafter, petitioners continued to be the sole beneficiaries of the trust. After creation of the trust, petitioners continued to use the property just as they had before, and petitioners exercised full control over the income generated by the property. There was no change in petitioner's medical practice subsequent to the formation of the trust. This case involves yet another attempt to escape taxation by transferring property to a "family trust." On numerous occasions this Court and the Courts of Appeals have considered similar such attempts and, without exception, the taxpayers' attempts to shift the incidence of taxation have been rejected. , *630 affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; and cases cited therein at note 4. [2] This case presents nothing which requires a different result. Accordingly, we hold the income of the trust is taxable to petitioners. No further discussion of this issue is necessary. [3]
*631 The second issue is whether petitioners are entitled to deduct the cost of the trust materials which petitioner purchased from ESP. Petitioners contend such expenditure is deductible under section 212(2) because the trust was created to shelter the property from claims of medical malpractice. However, the deduction under section 212(2) applies to expenditures for the protection or preservation of property itself, such as safeguarding or keeping it up, but not to expenditures for a taxpayer's retention of its ownership. ; . Petitioner created the trust herein merely in an attempt to insure that he would retain ownership of the property. Even if the trust somehow insulated the property from claims of medical malpractice, in no way did it preserve or protect the property itself. Thus, we hold that petitioners may not deduct the $7,000 paid to ESP for the trust materials. In his notice of deficiency, respondent determined that petitioners underreported by $3,200 petitioner's 1977 wages from the medical corporation. Since petitioners have offered no proof that respondent's *632 determination is incorrect, we sustain such determination. [4]; Rules 142(a) and 122(b). [5]
We also sustain respondent's assertion of an addition to tax under section 6653(a). Petitioners' underpayment in 1977 was primarily attributable to their entanglement in the "family trust" scheme. As the Ninth Circuit Court of Appeals stated in a similar context, "No reasonable person would have trusted this scheme to work." Moreover, petitioners' assertion on brief that they relied on the advice of their accountant is not supported by the record. See . Accordingly, we sustain *633 respondent's assertion that petitioners are liable for an addition to tax under section 6653(a). To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year in issue.↩
2. The courts rely on three theories: (1) the trust is not recognized for tax purposes since it lacks economic substance, (2) under assignment of income principles, the grantor is taxable on the income, and (3) the trust provisions violate the grantor trust rules under secs. 671-678. ↩
3. In the stipulation of facts filed by the parties on July 26, 1982, petitioners concede they are taxable on the income of the trust. In their subsequent brief, however, petitioners argue they are not taxable on such income. Because our conclusion herein on this issue is consistent with petitioners' stipulation, it is unnecessary for us to determine whether petitioners are bound by such stipulation. See, e.g., .↩
4. In the stipulation of facts, petitioners concede to such determination. On brief, however, they assert they did not underreport petitioner's 1977 wages from the medical corporation. Because our conclusion herein is consistent with petitioners' stipulation, it is unnecessary for us to determine whether petitioners are bound by such stipulation. See n. 3, supra.↩
5. All Rule references are to the Tax Court Rules of Practice and Procedure.↩